*W. O. Bradley, for appellant.*

---

## JAMES BELEW *v.* NEWTON BELEW, ET AL.

[Abstract Kentucky Law, Reporter, Vol. 4—826.]

**Possession From One Not a Party to a Suit.**

One who is in possession of real estate can not be legally dispossessed by an officer under a writ issued in a cause to which the one in possession was not a party, where he was in possession before the cause in which the writ was issued was begun.

**Officer Guilty of Trespass.**

Where one in possession of a house was not a party to a suit in which the writ of possession was issued, but had purchased the property and taken possession before the suit was begun, and the officer holding the writ breaks down the door of such house and forcibly takes the possession, he is guilty of trespass.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 22, 1883.

OPINION BY JUDGE PRYOR:

It is manifest from the facts of this case that the appellant was a purchaser of the land from Wilson before the institution of the action by the appellee to enforce his lien, and that the act of the sheriff or his deputy and that of the appellee was not only irregular

but unlawful in breaking down the door of the appellant's house and turning him and his family out of the possession. The appellee knew of the purchase, and there is proof conducing to show that appellee not only knew of the purchase, but waived his lien. The appellant swears that appellee told him he would not look to the land for the money, and appellee in response to this says he may have said unthoughtedly that the Wilson notes were good enough for him or something of that sort, as traders will talk. If appellant had been made a defendant to the action to enforce the lien he could have made defense and the chancellor been afforded an opportunity of determining the effect of appellee's unthoughted conversation with the appellant. Instead of proceeding in that way, in the midst of winter he broke down the door of appellant's dwelling through the officer, and placed his wife and children in the big road, with all their plunder, and in this way obtained possession against a party who was not before the court. If he told the son of the appellee that he wanted his father to sue, and the father also, this did not mean that he was not sufficiently interested to be made a party and that appellee could turn him out whenever he saw proper. The mode of obtaining the possession is not denied and all were trespassers who engaged in it.

The court below also erred in requiring the appellant to elect. The action in chancery as is stated in the record was to annul the judgment or afford the appellant an opportunity to be heard, and the ordinary action was in trespass. On the facts as proved the appellant was entitled, by motion in the equity action to enforce the lien, to a reduction of possession. Here the appellant was not a party to the record and in possession of the land by purchase prior to the bringing of the action in which the writ of habeas facias is sued out. The deputy sheriff and appellee broke down the door of his dwelling and forcibly took possession. They were guilty of a trespass on their own statement and the judgment must be reversed. The cause is remanded for a new trial.

*C. H. Lee, for appellant.*